

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 6913 | DATE | 07/07/2003 |
| CASE TITLE | Crestview Village Apart. v. HUD et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant Perry's Motion to Dismiss (doc. # 36)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial [set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] . Enter Memorandum Opinion and Order. Defendant Perry's Motion to Dismiss (doc. # 36) is GRANTED.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 0 8 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | 42 |
| | Copy to judge/magistrate judge. | | JUL 0 8 2003 | |
| | | | date mailed notice | |
| JHC | courtroom deputy's initials | U.S. DISTRICT COURT CLERK 03 JUL -7 PM 4:41 | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JUL 0 8 2003

CRESTVIEW VILLAGE APARTMENTS
LIMITED PARTNERSHIP,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF HOUSING
AND URBAN DEVELOPMENT, ET. AL.,

    Defendants.

No. 01 C 6913

The Honorable William J. Hibbler

## MEMORANDUM OPINION AND ORDER

Crestview Village Apartments sued the United States Department of Housing and Urban Development (HUD), the City of Kankakee, various HUD and Kankakee officials (in both their individual and official capacities) and developer Tony Perry. Crestview alleged that the Defendants engaged in a massive conspiracy to violate its civil rights. On February 5, 2002, the Court granted the Federal Defendants' and the Kankakee Defendants' motions to dismiss.[1] The remaining Defendant, Tony Perry, now moves to dismiss Crestview's claim against him, asserting that they are barred by the *Rooker-Feldman* doctrine. For the reasons stated herein, the Court GRANTS Perry's motion.

The *Rooker-Feldman* doctrine bars review by lower courts of state court judgments. *Rooker v. Fidelity Tr. Co.*, 263 U.S. 412, 415-16, 44 S. Ct. 149 (1923); *District of Columbia Ct. App.*

---

[1] A recitation of the relevant facts can be found in the Court's order dismissing the Federal Defendants and the Kankakee Defendants. *Crestview Village Apartments v. HUD et al*, No 01 C 6913 (N.D. Ill. Feb. 5, 2002).

1

v. *Feldman*, 460 U.S. 462, 482-86, 103 S. Ct. 1303 (1983); *Schmitt v. Schmitt*, 324 F.3d 484, 486-87 (7th Cir. 2003); *Ritter v. Ross*, 992 F. 2d 750, 753 (7th Cir. 1993). In assessing whether a claim is barred by *Rooker-Feldman*, a court asks "'whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim. Put another way, if the injury which the federal plaintiff alleges resulted from the state court judgment itself, then *Rooker-Feldman* controls, and the lower federal courts lack jurisdiction over the claim.'" *Schmitt*, 324 F.3d at 486 (quoting *Kamilewicz v. Bank of Boston Corp.*, 92 F.3d 506, 510 (7th Cir. 1996)). *Rooker-Feldman* bars attacks on state court judgments, including a "losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06, 114 S. Ct. 2647 (1994). Thus a federal plaintiff may not manufacture federal jurisdiction by disguising an attack on a state court judgment as a civil rights action. *Schmitt*, 325 F.3d at 486; *Maple Lanes, Inc. v. Messer*, 186 F.3d 823, 825 (7th Cir. 1999); *Ritter*, 992 F.2d at 754.

Moreover, *Rooker-Feldman* bars claims that are "inextricably intertwined with a state court decision, such that success in the federal court would require overturning the state court decision. *Epps v. Creditnet, Inc.*, 320 F.3d 756, 759 (7th Cir. 2003) (internal quotations omitted); *see also Lewis v. Anderson*, 308 F.3d 768, 772 (7th Cir.2002). The Seventh Circuit has noted the difficulty in identifying claims that are "inextricably intertwined" with state court judgments. *See, e.g, Zurich Am. Ins. Co. v. Superior Ct. for the St. of Cal.*, 326 F.3d 816, 823 (7th Cir. 2003) (collecting cases). In clarifying the applicability of the *Rooker-Feldman* doctrine, *Zurich* identified two situations under which federal claims are inextricably intertwined with state court judgments: (1) claims that are related to the judgment the plaintiff is attacking, but which were not raised before the state court; and (2) claims that were in fact dependent on the judgment, such as if there would

2

be no injury but for the state court's action. *Id.* (collecting cases). On the other hand, if the injury about which the plaintiff complains was not caused by the state court, but by its adversay's conduct, and the plaintiff merely alleges that the state court failed to remedy that injury, *Rooker-Feldman* does not apply. *Id.*

In determining whether *Rooker-Feldman* bars Crestview's claims against Perry it is therefore essential to examine the nature of the injury about which it complains. In this case, Crestview alleges that the Defendants engaged in a vast conspiracy to damage it through improper use of the State of Illinois' courts. In each of its five counts Crestview alleges that as a result the Defendants' conduct it "has been damaged in that it has been forced to defend unsubstantiated lawsuits, and excessively harsh administrative actions which have diverted funds from Crestview and the daily operation" of its apartment complex.

No matter the spin Crestview places upon its claims, the bottom line remains that Crestview's injury is "inextricably intertwined" with a state court decision. But for the settlement agreement in the state court proceeding (under which Crestview admitted to 378 specific violations of the local building code and agreed to make necessary repairs in order to avoid demolition), Crestview would not have been injured. Crestview did not suffer an injury outside of court that the state court failed to remedy, it was only injured when the state court imposed "excessively harsh sanctions" as a result of several Defendants' lawsuit against it. Its federal claim thus *directly* implicates the state court judgment. Indeed, Crestview's claim that Perry and the other Defendants used the state judicial process to deprive it of property by subjecting it to excessively harsh sanctions is similar to other claims that the Seventh Circuit has held to be barred by *Rooker-Feldman*. *See, e.g., Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 556 (7th Cir. 1999) (due

3

process claim that landlord used judicial process to evict tenant, causing her to lose her possessions, job, and custody of her child barred by *Rooker-Feldman*); *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996) (plaintiffs' claim that Defendants retaliated against them for expressing political views by causing property to be condemned barred by *Rooker-Feldman*). Crestview's claim that the Defendants' violated its civil rights by subjecting it to excessively harsh sanctions cannot be considered independently from the state court judgment, and therefore is precisely the type of collateral attack upon state court decisions *Rooker-Feldman* requires this Court to avoid.

Crestview also argues that its injury has been caused by the conspiracy amongst the Defendants, and not by the state court decisions — pointing to the paragraphs of its complaint which allege that Perry sent letters to the state court judge urging the judge to impose harsh administrative sanctions against Crestview for its building code violations. Under this theory, Crestview argues that it was injured because it was "forced to defend unsubstantiated lawsuits." Crestview offers *Nesses v. Shepard*, 68 F.3d 1003 (7th Cir. 1995) in support of its argument that its injuries were caused by the conspiracy between the Defendants and not by the state court judgment, and thus are independent from that judgment. But *Nesses* is not on point. In *Nesses*, the plaintiff alleged that the conspiracy *infected* the state court process. 68 F.3d at 1004-05. The *Nesses* plaintiff clearly alleged that the defendants lawyers "conspired with the trial judge" in the state court proceedings and thus violated an independent right of his —the right "to be judged by a tribunal that is uncontaminated by politics." *Nesses*, 68 F.3d at 1004-05. Here, Crestview makes no such allegation; the alleged conspiracy consisted only of a plot amongst the Defendants to harass Crestview with unsubstantiated lawsuits, not a plot to infect the judicial process by corrupting the state court tribunal. The conspiracy to bring a baseless lawsuit, in and of itself,

did not injure Crestview. Only after the Crestview agreed to the remedy its building code violations in order to settle the allegedly baseless lawsuit could it have been injured. *Cf. Long*, 182 F.3d at 556 (plaintiff's due process claim that Defendants conspired to bring baseless lawsuit, which resulted in her eviction, was barred by *Rooker-Feldman*).

Both of Crestview's alleged injuries (excessively harsh sanctions for building code violations and attorney's fees that piled up in defending itself from those sanctions) are dependent on the state court's judgment. But for the state court decision, Crestview would have no injuries. Its claims are nothing more than a collateral attack upon the state court judgment. Even though Crestview dresses up its claims against the Defendants as civil rights violations, they amount to nothing more a request for this Court to exercise appellate jurisdiction over the state court judgment. *Rooker-Feldman* prevents this Court from doing so, and Crestview's claims against Perry are therefore DISMISSED for lack of subject matter jurisdiction.

IT IS SO ORDERED.

7/7/03
Dated

The Honorable William J. Hibbler
United States District Court